UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
LUBBOCK DIVISION

U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
**FILED**

AUG 2 2 2005

CLERK, U.S. DISTRICT COURT
By _____
Deputy

| | |
|---|---|
| JOHN W. MOORE, III, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CIVIL ACTION NO. |
| | ) 5:04-CV-259-C |
| | ) |
| JO ANNE B. BARNHART, | ) |
| Commissioner of Social Security, | ) |
| | ) |
| Defendant. | ) |

## REPORT AND RECOMMENDATION PURSUANT TO THE
## DISTRICT COURT'S ORDERS OF REFERENCE

### I.   *Preliminary Statement*

On October 29, 2004, Plaintiff John W. Moore, III, initially filed his complaint seeking judicial review of an adverse decision of Defendant Jo Anne B. Barnhart, Commissioner of Social Security. Subsequently, the Commissioner filed a motion for remand and brief seeking a voluntary remand based on the fact that the Commissioner had an incomplete administrative record, and the request was granted by the District Court. The case was reopened and the Commissioner was ordered to answer within ten days. On April 19, 2005, an answer to the complaint was filed by the Commissioner, along with the administrative record. On the same date, the case was referred to the United States Magistrate Judge pursuant to 28 U.S.C. § 636(b) for report and recommendation, proposed findings of fact and conclusions of law, and a proposed judgment.

## II.    *Statement of the Facts*

On April 25, 2005, an "Order Directing Filing of Briefs" was filed.  Plaintiff's brief was due on or before June 7, 2005.

On June 7, 2005, Dorsett C. Bennett, II, attorney for Plaintiff, filed a motion for extension of time in which to file the brief from June 7, 2005, up to and including July 7, 2005, for the reason that the brief could not be completed in time for preparation of a timely filing.  The extension was granted.

On July 6, 2005, Plaintiff, acting on his own behalf, filed a motion for extension of time to file his brief, from July 7, 2005, up to and including September 5, 2005, for the reason that the brief could not be completed in time for a timely filing.  Plaintiff indicated in his motion that he could not find anyone to handle his case.  The extension was granted.

On July 8, 2005, Bennett filed a motion to dismiss the case.  As grounds, Bennett stated that he believed there were not sufficient grounds for a reversal of the administrative decision.  He indicated in the motion that he had notified Plaintiff by letter dated June 3, 2005, to obtain alternative counsel but Plaintiff had not obtained other counsel.

On July 14, 2005, Plaintiff, acting on his own behalf, filed a motion to withdraw counsel moving to dismiss Bennett from his case.  Also on the same date, Plaintiff filed a motion to withdraw the dismissal filed by Bennett.

On July 15, 2005, under authority of 28 U.S.C. § 636(b), the United States District Judge referred Bennett's motion to dismiss and Plaintiff's motions to withdraw dismissal and withdraw counsel to the undersigned for hearing, if necessary, and for report and recommendation.

On August 2, 2005, Plaintiff, on his own behalf, filed a motion for status on the case. Subsequently, on August 8, 2005, under authority of 28 U.S.C. § 636(b), the United States District Judge referred the motion to the undersigned, for hearing, if necessary, and for report and recommendation.

## III.   *Discussion*

Bennett remains the attorney of record in this case. Neither his letter to Plaintiff on June 3, 2005, nor his motion to dismiss Plaintiff's claims on July 8, 2005, relieved him of his duty to represent Plaintiff in this case and cannot be considered an effective withdrawal of his representation of his client.

There is a disagreement between the plaintiff and his attorney in this case. Plaintiff has a statutory right to represent himself and proceed *pro se* with his claims. *See* 28 U.S.C. § 1654 (1994); *Machadio v. Apfel*, 276 F.3d 103, 106 (2nd Cir. 2002). Bennett may seek to withdraw as counsel of record in this case by following the appropriate procedure.

An attorney who "agrees to undertake the representation of a client," is expected to "see the work through to completion." *Streetman v. Lynaugh*, 674 F. Supp. 229, 234 (E.D. Tex. 1987). Bennett became the attorney of record in this case when he filed a

complaint on Plaintiff's behalf.  At some point thereafter, Bennett came to believe that the claims in the complaint lacked merit and notified Plaintiff by letter that he should obtain new counsel.  Rather than filing a motion seeking to withdraw as counsel, Bennett filed a motion to dismiss Plaintiff's complaint.  This was incorrect.

If it was Bennett's belief that Plaintiff's claims lacked merit and that he could no longer represent Plaintiff for that reason, the appropriate motion was not a motion to dismiss but a motion seeking withdrawal as counsel.

"An attorney may withdraw from representation only upon leave of the court and a showing of good cause and reasonable notice to the client." *In re Wynn v. Eriksson*, 889 F.2d 644, 646 (5th Cir. 1989).  Disagreement between an attorney and his client as to the merits of a claim may constitute good cause for withdrawal.  MODEL RULES OF PROF'L CONDUCT R. 1.16, 3.1 (2003); *see also Streetman*, 674 F. Supp. at 234 (Withdrawal of counsel may be permitted when an actual disagreement is shown to exist between the attorney and his client).

Pursuant to Local Rule 83.12 of the Northern District of Texas, an attorney desiring to withdraw in any case must file a motion to withdraw.  "This motion must, in addition to the matters required by Local Rule 7.1, specify the reasons requiring withdrawal and provide the name and address of the succeeding attorney.  If the succeeding attorney is not known, the motion must set forth the name, address, and telephone number of the client and either bear the client's signature approving withdrawal or state specifically why, after due diligence, the attorney was unable to obtain the client's signature." L.R. 83.12.

Finally, under the American Bar Association's Model Rules of Professional Conduct, an attorney seeking to withdraw from representation of a client must take reasonable steps to protect his client's interests, such as giving reasonable notice to the client and allowing time for employment of substitute counsel. MODEL RULES OF PROF'L CONDUCT R. 1.16(b)(7)(d).

## IV.   *Conclusion*

### A.   *Recommendation*

Based upon the foregoing, this court recommends that:

(1)   Bennett should be allowed 15 days from September 6, 2005, to file a motion to withdraw as counsel in compliance with the requirements of Rule 83.12 of the Local Rules of the Northern District of Texas. If such is filed and if it complies with the local rules, the undersigned recommends it be granted;

(2)   The deadline for the filing of Plaintiff's brief should be extended to October 11, 2005, to provide sufficient time for Plaintiff to obtain other counsel or to prepare his brief *pro se*;

(3)   All pending motions should be denied without prejudice:

(a)   The motion to dismiss filed by Bennett on July 8, 2005, should be denied because there is disagreement between Plaintiff and Bennett as to the merits of the case and under such a circumstance an attorney should seek to withdraw from the case;

(b)   The motion to withdraw counsel and the motion to withdraw motion to dismiss filed by Plaintiff on July 14, 2005, should be denied because there remains an attorney of record in the case and any motions must be filed by the attorney of record unless and until he has been allowed by the District Court to withdraw from the case;

        (c)      The motion for status of the case filed by Plaintiff on August 2, 2005, should be denied for the reasons in (b) above;

        (d)      Subsequent to the District Court's second referral to the undersigned, Plaintiff, on his own behalf, filed another motion for extension of time in which to file his brief. This motion should be denied as moot for the reasons in (2) above.

    (4)      The District Court should bar the Plaintiff from filing any further motions on his own behalf until the issue relating to the withdrawal of his attorney of record is concluded.

**B.**    ***Right to Object***

Pursuant to 28 U.S.C. § 636(b)(1), any party has the right to serve and file written objections to the Report and Recommendation within 10 days after being served with a copy of this document. The filing of objections is necessary to obtain de novo review by the United States District Court. A party's failure to file written objections within 10 days shall bar such a party, except upon grounds of plain error, from attacking on appeal the factual findings and legal conclusions accepted by the district court. *Douglass v. United Servs. Auto Ass'n*, 79 F.3d 1415, 1429 (5th Cir. 1996) (en banc).

The Clerk shall mail a copy of this Report and Recommendation to Mr. Moore by certified mail - return receipt requested; to Dorsett C. Bennett, II, attorney of record for plaintiff; and to all other attorneys of record in this case.

Dated: _____, 2005.

NANCY M. KOENIG
United States Magistrate Judge

-6-